**GUILTY PLEA and PLEA AGREEMENT**

United States Attorney
Northern District of Georgia

---

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

INFORMATION NO. 4:06-CR-33-HLM

SHAKTHI, INC., d/b/a Sue's Market, defendant, having received a copy of the above-numbered Information, pleads GUILTY to the charge contained therein. The defendant, its counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

1. The defendant "corporation" admits that it is pleading guilty to the Information because it is in fact guilty of the crime charged in the Information. More specifically, the defendant and the government jointly agree, and stipulate that if this matter proceeded to trial, the government's evidence would show the following:

   a. One method of producing methamphetamine is known as the "ephedrine reduction" method. A key ingredient in this process is ephedrine or pseudoephedrine. Ephedrine or pseudoephedrine is commonly found in many drug store generic and brand name over-the-counter cold and sinus products. Ephedrine and pseudoephedrine are also found in products which are typically sold as over-the-counter products for the treatment of asthma in convenience stores, truck stops and gas stations.

   b. The ephedrine reduction process requires that the ephedrine or pseudoephedrine be extracted from these otherwise legitimate over-the-counter products, and combined with other chemicals and solvents and then converted into methamphetamine through a series of steps involving flammable household chemicals, gases and heat. These other chemicals and solvents are also readily available over-the-counter and may include such products as antifreeze, drain cleaner, alcohol, hydrogen peroxide and matchbooks.

RE: Plea Agreement - SHAKTHI, Inc.
Page two

c. The process of converting the ephedrine and pseudoephedrine and these other chemicals to methamphetamine is commonly referred to as a "cook" or "cooking meth." If this matter proceeded to trial, the government's evidence would show that this is a very dangerous process, often causing death, disfigurement, or other serious bodily injury to those involved in the cooking process, and to innocent persons located near the cooking process.

d. During the course of this investigation, law enforcement received information that ephedrine and pseudoephedrine and/or other ingredients necessary to "cook" methamphetamine were being sold from SHAKTHI, Inc., d/b/a Sue's Market in Rising Fawn, Georgia, either with the knowledge that these products would be used to "cook" or manufacture methamphetamine; or under circumstances which would reasonably indicate that these ingredients would be used to "cook" or manufacture methamphetamine.

e. As set forth below, if this matter proceeded to trial, the government's evidence would establish that SHAKTHI, Inc., d/b/a Sue's Market is a registered Georgia corporation. The Chief Executive Officer for the corporation is Chandrikaben Patel, and the Chief Financial Officer and Secretary is Vipul R. Patel.

f. Further, the evidence would establish on November 10, 2004, November 19, 2004, and January 19, 2005, an owner of Sue's Market, while acting within the scope of his employment and with the intent to benefit the corporation, distributed 174.3 grams of pseudoephedrine and ephedrine under circumstances which the owner reasonably knew or should have known that these products would be used to manufacture methamphetamine. More specifically, the government's evidence would show that:

RE: Plea Agreement - SHAKTHI, Inc.
Page three

  g. On November 10, 2004, a confidential source (CS) went into Sue's Market and purchased the following items from an owner: nine 50-tab boxes of pseudoephedrine. Based on the conversation between the parties and the amount of pseudoephedrine purchased, the owner reasonably knew that these products would be used to manufacture methamphetamine. Further, the owner was acting within the scope of his employment and with the intent to benefit the corporation.

  h. On November 19, 2004, the same confidential source (CS) went into Sue's Market and purchased the following items from an owner: fifteen 48-tab bottles of pseudoephedrine and one bottle of ephedrine. Based on the previous transaction and the amount of pseudoephedrine purchased, the owner reasonably knew that these products would be used to manufacture methamphetamine. Further, the owner was acting within the scope of his employment and with the intent to benefit the corporation.

  i. On January 19, 2005, the same confidential source (CS) went into Sue's Market and purchased the following from an owner: ninety-eight 48-tab bottles of ephedrine. Based on the conversation between the parties and the amount of pseudoephedrine purchased, the owner reasonably knew that these products would be used to manufacture methamphetamine. Further, the owner was acting within the scope of his employment and with the intent to benefit the corporation.

  j. If this case were to proceed to trial, the government's evidence would show that pseudoephedrine and ephedrine can be used in manufacturing methamphetamine. Rising Fawn, Georgia, is in the Northern District of Georgia.

RE: Plea Agreement - SHAKTHI, Inc.
Page four

2. The defendant understands that by pleading guilty, it is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the defendant would have the right to an attorney, and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. During the trial, the defendant would be presumed innocent and the Government would have the burden of proving it guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the witnesses against it. If the defendant wished, it could present evidence in its defense, and it could subpoena witnesses to testify on its behalf. If, however, the defendant did not present evidence, that fact could not be used against it. If the defendant were found guilty after a trial, it would have the right to appeal the conviction. The defendant understands that by pleading guilty, it is giving up all of these rights and there will not be a trial of any kind. The defendant also understands that it ordinarily would have the right to appeal its sentence and, under some circumstances, to attack the sentence in post-conviction proceedings. By entering this Plea Agreement, the defendant may be waiving some or all of those rights to appeal or collaterally attack its sentence, as specified below. Finally, the defendant understands that, to plead guilty, its authorized representative may have to answer questions posed by the Court concerning the rights that it is giving up and the facts of this case, and the defendant's answers, if untruthful, may later be used against it in a prosecution for perjury or false statements.

3. The defendant understands that, based on its plea of guilty as to the Information, it will be subject to the following maximum penalties:

    (a)    Maximum term of probation: Five (5) years
    (b)    Maximum fine: $500,000.00
    (c)    Mandatory special assessment: $400.00

RE: Plea Agreement - SHAKTHI, Inc.
Page five

The defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The defendant also understands that no one can predict its exact sentence at this time.

4. The Government agrees that upon the sentencing of the defendant, and with leave of the Court, it will file a dismissal of Indictment No. 4:05-CR-32-HLM pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.

5. Based upon the evidence currently known to the Government, the Government will recommend and the defendant agrees to the following applications of the Sentencing Guidelines:

   (a) The applicable offense guideline is Section 2D1.12(a)(2).
   (b) Specific Offense Characteristic 2D1.12(b)(1)(B) is applicable.
   (c) No other Specific Offense Characteristics are applicable.
   (d) Section 2D1.12(c)(1) does not apply.

6. Based upon the evidence currently known to the Government, the Government will recommend that the defendant pay a fine in amount of $47,430.00. The parties agree that the amount of the fine will ultimately be determined by the court.

RE: Plea Agreement - SHAKTHI, Inc.
Page six

7. The Government will recommend that the defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the defendant falsely deny or falsely attempt to minimize its involvement in relevant offense conduct, give conflicting statements about its involvement or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

8. The defendant agrees that, <u>before</u> the date of sentencing, it will pay a special assessment in the amount of $400.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 600 East First Street, Rome, Georgia 30161. The defendant agrees to bring proof of such payment to the sentencing hearing.

9. The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

RE: Plea Agreement - SHAKTHI, Inc.
Page seven

10. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

11. The defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendations will not constitute grounds to withdraw its guilty plea or to claim a breach of this Plea Agreement.

12. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal its sentence and the right to collaterally attack its sentence in any post-conviction proceeding on any ground, including any motions filed pursuant to 28 USC § 2255, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of its sentence.

RE:  Plea Agreement - SHAKTHI, Inc.
Page eight

13. In satisfaction of the forfeiture provision, the parties have entered into a Corporate Compliance and Forfeiture Agreement. This agreement is signed by the _____ of SHAKTHI, Inc., its counsel and counsel for the government, and is attached to and made a part of this agreement.

14. The defendant agrees that it shall immediately forfeit to the United States any and all interests in any and all property used, and intended to be used, in any manner or part, to commit and facilitate the commission of the offense in this Information to which the defendant is pleading guilty, including but not limited to the following:

   a. Miscellaneous chemicals as fully described as DEA Exhibits (and sub-exhibits) Nos. 115-117 in Attachment A; and
   b. Any and all drug paraphernalia seized on June 3, 2005, at Sue's Market.

The defendant acknowledges that each asset covered by this agreement is subject to forfeiture pursuant to 21 U.S.C. § 853 as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

15. The defendant warrants that it is the sole owner and titleholder of all of the assets listed in Paragraph 14, above, and the defendant warrants that it has not transferred, conveyed, or encumbered its interest in any of those assets. The defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure or forfeiture of any asset covered by this agreement.

RE: Plea Agreement - SHAKTHI, Inc.
<u>Page nine</u>

16. The defendant hereby waives and abandons all interest in any asset described by this agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the defendant agrees that the forfeiture shall be accomplished either administratively or judicially at the government's option. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. As to any asset described by this Plea Agreement, the defendant hereby waives the requirements of 18 U.S.C. § 983, Rule 4 of the Federal Rules of Civil Procedure, and Supplemental Rule C, regarding notice of seizure in judicial forfeiture matters and the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue.

17. If the government elects to proceed administratively, the defendant hereby consents to the entry of a declaration of forfeiture and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant acknowledges that assets may have been forfeited administratively prior to the execution of this agreement, and the defendant hereby waives any interest in such assets; all constitutional, legal, and equitable claims to such assets; and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, and excessive fines.

RE: Plea Agreement - SHAKTHI, Inc.
Page ten

18. If the government elects to proceed judicially against any asset, by entering into this Plea Agreement, the defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property described by this agreement, consents to that order becoming final as to it at the time of entry, and agrees that the order shall become part of his sentence and be incorporated into the judgment against it automatically at the time of its entry without further action from the Court. If the forfeiture is to be accomplished in a parallel civil action, the defendant authorizes the court to enter a civil Judgment and Order of Forfeiture without further notice to it and waives all defenses to forfeiture as described above. To the extent that the Government institutes or has instituted any civil judicial forfeiture proceeding to which the defendant is or becomes a party, the defendant agrees that it shall be responsible for his attorneys fees and costs incurred in connection with that action.

19. There are no other agreements, promises, representations, or understandings between the defendant and the Government.

In Open Court this _28th_ day of _April_, 2006.

_____
SIGNATURE (Attorney for Defendant)

_____
SIGNATURE (Assistant U.S. Attorney)
LISA W. TARVIN

_____
SIGNATURE (Approving Official)
WILLIAM H. THOMAS, JR.

x _Chandrika Patel_
SIGNATURE: _President_ for
SHAKTHI, INC.

_____
SIGNATURE (Assistant U.S. Attorney)
KURT R. ERSKINE

4/25/06
DATE

RE: Plea Agreement - SHAKTHI, Inc.
Page eleven

On behalf of SHAKTHI, Inc., I have read the indictment against SHAKTHI, Inc. and have discussed it with our attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict the corporation at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with our attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them on behalf of the corporation. I also have discussed with my attorney the rights the corporation may have to appeal or challenge the sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent the corporation, with the narrow exceptions stated, from appealing the sentence or challenging the sentence in any post-conviction proceeding. No one has threatened or forced the corporation to plead guilty, and no promises or inducements have been made to the corporation other than those discussed in the Plea Agreement. The discussions between our attorney and the Government toward reaching a negotiated plea in this case took place with the corporation's permission. I am fully satisfied with the representation provided to the corporation by our attorney in this case.

x Chandrika Patel                              4/28/06
SIGNATURE  President  for           DATE
SHAKTHI, INC.

I am SHAKTHI, Inc.'s lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

[signature]                                      4/28/06
SIGNATURE (Defense Attorney)         DATE

RE: Plea Agreement - SHAKTHI, Inc.
Page twelve

## INFORMATION BELOW MUST BE TYPED OR PRINTED

_Joseph L. Baldwin_
NAME (Attorney for Defendant)

_1 South Broad St_
STREET

_Rome, GA 30161_
CITY & STATE   ZIP CODE

PHONE NUMBER _232-4743_

_CHANDRIKABEN. V. PATEL_
_President_ for SHAKTHI, Inc.

_3209 Hwy 11 South_
STREET

_Rising Fawn, GA. 30738_
CITY & STATE   ZIP CODE

PHONE NUMBER _706-462-2263_

STATE BAR OF GEORGIA NUMBER _034671_

Filed in Open Court

By _____

FILED IN OPEN COURT
APR 2 8 2006
Luther D. Thomas, Clerk

By: _[signature]_
Deputy Clerk

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 4:06-CR-   -HLM |
| DEFENDANT'S NAME: | SHAKTHI, Inc. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. MAKE CHECK OR MONEY ORDER PAYABLE TO: CLERK OF COURT, U.S. DISTRICT COURT

2. PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk of Court, U.S. District Court
   600 East First Street
   Rome, Georgia 30335
   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. BRING PROOF OF PAYMENT TO THE SENTENCING HEARING

# Exhibit A

**U.S. Department of Justice**
**Drug Enforcement Administration**

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Purchase | ☒ Seizure | ☐ Free Sample | | | | #32 |
| ☐ Lab. Seizure | ☐ Money Flashed | ☐ Compliance Sample (Non-Criminal) | | | | |
| ☐ Internal Body Carry | ☐ Other (Specify) | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Rising Fawn, GA | 6-3-05 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | ☐ Case No. OR ☐ Seizure No. | 7-5-05 | Rome POD |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 115 | | ephedrine | 6 bottles of Efedrin | 215.2 gms | 215.2 gms | |
| 116a | | ephedrine | 15 bottles of Ephedrine | 471.8 gms | 471.8 gms | |
| 116b | | ephedrine | 14 bottles of Ephedrin | 445.1 gms | 445.1 gms | |
| 117 | | ephedrine | 3 bottles of | 113.1 gms | 113.1 gms | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?  ☒ NO (included above)  ☐ YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS:
SA Bill Brodey (Georgia Bureau of Investigation) seized Exhibits 115 through 117 at the Sue's Market, 3209 Highway 11, Rising Fawn, GA on 6-3-05. SA Brodey released the exhibits to SA Terry Beard on the same date. SA Beard processed the exhibits as evidence and secured them at the Chattanooga R.O. SA Beard subsequently forwarded the exhibits to the Southeast Regional Laboratory, via Federal Express. FOR SAFEKEEPING ONLY. NO ANALYSIS REQUESTED AT THIS TIME.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| SA Terry Beard | RAC Benjamin R. Scott |

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 22. SEAL ☐ Broken ☐ Unbroken | 23. RECEIVED BY (Signature & Date) | 24. Print or Type NAME and TITLE |

**LABORATORY REPORT**

25. ANALYSIS SUMMARY AND REMARKS

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |

DEA Form - 7
(Sept. 1995)   Previous edition dated 4/90 may be used until stock is exhausted.   2 - Orig. Office